IN THE CIRCUIT COURT OF MARYLAND FOR MONTGOMERY COUNTY

| | | |
|---|---|---|
| **Helga Durst, as personal representative Of the Estate of Robert Durst** <br> **16812 Camberford Street, Derwood, MD, 20855** <br><br> **Plaintiff,** <br><br> v. <br><br> **Minnesota Life Insurance Company** <br> **400 Robert Street North, Saint Paul, MN 55101** <br> **AND** <br> **Securian Financial Group Inc.** <br> **400 Robert Street North, Saint Paul, MN 55101** <br> **c/o CORPORATION SERVICE COMPANY** <br> **251 Little Falls Drive Wilmington, DE 19808** <br> **AND** <br> **Securian Financial Services, Inc.** <br> **400 Robert Street North, Saint Paul, MN 55101** <br> **c/o Registered Agent** <br> **CSC—Lawyers Incorporating Service Company** <br> **7 St. Paul Street Suite 820** <br> **Baltimore, MD, 21202** <br><br> **Defendants.** | * | Case No.:   C-15-CV-25-000528 |

\***********************************************************************

# COMPLAINT FOR BREACH OF CONTRACT

## PARTIES

1. Plaintiff, Estate of Robert Durst, with personal representative Helga Durst, an individual residing in Montgomery County, Maryland at 16812 Camberford Street, Derwood, MD, 20855.

2. Defendant, Minnesota Life Insurance Company and Securian Financial, insurance companies with its principal place of business at 400 Robert Street North, Saint Paul, MN 55101.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103, as the events giving rise to this claim occurred in the State of Maryland.
4. Venue is proper in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201, as the Defendant conducts business in this jurisdiction and the contract in question was executed and performed in this jurisdiction.

## FACTS

5. On or 10/01/2023 Helga Durst entered into an insurance contract (the "Policy") with Defendant, whereby Defendant agreed to provide coverage for accidental injuries.
6. Mrs. Durst has paid all premiums due under the Policy and has otherwise complied with all terms and conditions of the Policy.
7. Under the policy, a benefit in the amount of 60% of the amount of contributory coverage will be paid in the event of the lawful spouse's covered loss.
8. On or about February 20, 2024, Robert Durst fell getting up from a recliner and suffered an accidental injury covered under the terms of the Policy.
9. Defendant was promptly notified of the injury by a claim for coverage submitted in accordance with the Policy's requirements.
10. Despite Plaintiff's compliance with all terms and conditions of the Policy, Defendant wrongfully denied Plaintiff's claim for coverage on December 13, 2024.
11. Robert Durst passed away on March 6, 2024. His death certificate listed the cause of death as an accident. His physicians believed, and told Helga Durst, that he would fully recover from the lung cancer. If not for the fall and the broken femur, he would have lived.
12. Mr. Durst's femoral fracture was life-threatening in its own right. On or about February 22, 2024, he was scheduled for a surgery that would have treated the broken femur, but the physicians were unable to operate due to the cancer.
13. The policy stated that it did not cover a loss caused or contributed to by an effect of medical treatment or any disease. An inability to operate is not a contribution to causation because it does not worsen the injury; rather, it is a prevention of what would otherwise have been a cure.

## BREACH OF CONTRACT

14. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
15. Under Maryland law, to state a claim for breach of contract, a plaintiff must allege (1) the existence of a contractual obligation owed by the defendant to the plaintiff, and (2) a

material breach of that obligation by the defendant. RRC Northeast, LLC v. BAA Md., Inc., 413 Md. 638. Hencken v. ServPro of Carroll Cnty., 2024 Md. App. LEXIS 160

16. The Policy constitutes a valid and enforceable contract between Plaintiff and Defendant.
17. Defendant owed Plaintiff a contractual obligation to provide coverage for accidental injuries as specified in the Policy.
18. Defendant materially breached its contractual obligation by wrongfully denying Plaintiff's claim for coverage.
19. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including but not limited to, medical expenses lost wages, and other costs associated with the accidental injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:
1. For compensatory damages in an amount to be proven at trial;
2. For pre-judgment and post-judgment interest as allowed by law;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,
*/s/ Robert J. Harris*
Robert J. Harris, Esq.
DC Law Group, LLC.
9711 Washingtonian Blvd,
Suite 550
Gaithersburg, MD 20878
TEL: (240) 364-2800
FAX: (877) 804-9978
cases@dclawweb.com
*Attorney for Plaintiff*